**NOTE: Attachment not available electronically**

_____

CHRISTOPHER E. LONGSTRETH,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Petitioner-Appellant,　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　No. 95-5136
　　　　　　　　　　　　　　　　　　)　　　(D.C. No. 93-C-890-E)
R. MICHAEL CODY, Warden,　　　　　)　　　　(N.D. Okla.)
　　　　　　　　　　　　　　　　　　)
　　　　Respondent-Appellee.　　　　)

_____

**ORDER AND JUDGMENT***

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The Respondent's motion to supplement the record is granted.

Mr. Longstreth is a state inmate and pro se litigator. Mr. Longstreth filed a petition seeking habeas relief. Specifically, Mr. Longstreth challenged his conviction for shooting with intent to kill

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

after former conviction of two or more felonies. Mr. Longstreth received a sentence of forty-five years. The district court concluded Mr. Longstreth was not in custody in violation of the Constitution and denied relief.

Mr Longstreth challenged his state conviction on the following grounds: (1) he claims he was incompetent at critical stages of the state criminal proceedings and asserts the state court should have *sua sponte* ordered a competency hearing; (2) he asserts he was denied effective assistance of counsel for: (a) counsel's failure to have Petitioner's competency evaluated; (b) counsel's failure to investigate; (c) counsel's failure to challenge the sufficiency of the evidence; (d) counsel's failure to raise and pursue a warrantless search and seizure; and (e) counsel wrongfully stipulated to an unconstitutional out of state (Colorado) prior conviction not shown to be a felony in Oklahoma at his preliminary hearing; (3) he asserts he was convicted upon a degree of proof below that required by due process; (4) he asserts he was denied his constitutional rights to testify on his own behalf; (5) a custodial statement taken without being first advised of his *Miranda* rights was wrongfully admitted into evidence; and (6) he was denied the reasonable opportunity to obtain counsel of his own choice.

The district court carefully considered Mr. Longstreth's challenges in detail and reduced its conclusions to writing in a twenty-two page order. The essence of this order was that Mr. Longstreth failed to establish constitutional error and there was no need for an evidentiary hearing. The district court then denied the Petitioner's request that it issue a certificate of probable cause. We hereby issue the certificate of probable cause and proceed to the merits.

2

Mr. Longstreth appeals the district court order asserting: (1) his right to testify is not barred from federal review; (2) the district court should have held a hearing on his claim of incompetency; (3) he was deprived of his right to effective assistance of counsel; (4) the district court should have held an evidentiary hearing on the issue of the voluntariness of his post-arrest, pre-trial, custodial statement; and (5) the evidence is insufficient to sustain his conviction.

We have reviewed the record on appeal and considered Mr. Longstreth's brief. We are not persuaded the district court erred in denying habeas relief.

The judgment of the district court is **AFFIRMED** for substantially the same reasons set forth in the district court's order, a copy thereof being attached.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge